STEPHEN SMITH et al., as Executors, etc., Appellants, *v.* THE TOWN OF GREENWICH, Respondent.

(Submitted April 22, 1895; decided April 30, 1895.)

MOTION for a reargument.
The following is the opinion in full:

"A motion for a re-argument is made in this case accompanied with elaborate explanations entirely immaterial to the legal question decided, and of consequence only to a wrong view of the opinion rendered. The point involved and decided was wholly one of pleading. We held, in affirmance of the courts below, that the cause of action pleaded as one and single was upon an implied contract to pay the interest upon a loan to the town; that to such cause of action the Statute of Limitations was a complete and perfect defense; that the demurrer was, therefore, properly overruled and judgment for the defendant inevitable unless barred by some other possible proceedings of which the record gave no knowledge. I urged as reasons for that construction the form and character of the complaint itself, pointing out that it followed closely the essential facts needed to sustain an action on an implied contract as dis-

closed in the *Hoag* case and unessential to an action on the bonds themselves; that two distinct classes or groups of bonds creating distinct grounds of action were enveloped in the complaint, and which were those issued illegally in form before the amendment of the statute, and those issued without defect thereafter; that an action on an implied contract would justify a single action on both classes while an action on the bonds would not; and that on the hearing an offer was made by the defendant, concurred in by the court, that if plaintiff would stipulate to stand on his bonds alone or upon a cause of action to which the pleaded Statute of Limitations was no defense the demurrer should be sustained and the trial proceed, but the plaintiff refused. I have not the least doubt on that state of the case that the judgment rendered was correct. To have denied the defendant the protection of his plea would have been almost inexcusable. That is all there is of the question presented and of the decision made, and the sole pertinent commentary upon it contained in the moving papers, outside of a persistent claim that the complaint was not ambiguous, although two different constructions have been clashing along the whole line of trial and appeal, appears to be that the assertion of defendant's brief as to what occurred in the offer of a stipulation *was* denied on the argument. I took more than usual pains to be sure of the fact asserted, but it is not necessary or seemly to dispute about that, for on this motion the affidavit of the counsel who tried the case for the plaintiff is produced which shows that the offer *was* made and that the court *did* approve it. It is added that the offer required a withdrawal from the complaint of the allegations that the money was actually loaned to the town and that the commissioners intended to act within their powers, and for that reason was refused. The very reason assumes a purpose in some manner and in some way to rely upon something else or other than the coupons as partaking of the nature of valid bonds, and neither the court nor the counsel were bound to speculate upon the chances of an undisclosed purpose.

" Beyond what is pertinent to the question decided come suggestions entirely outside of it, founded upon so much of the

opinion as intimated a possibility, consistent with the record, that the hearing had proceeded beyond the mere issue of law. The judgment in terms recited that it was 'upon the merits.' The plaintiff might have withdrawn his demurrer upon the usual terms, and I think should have done so, or divided his complaint into its two possible causes of action with the assent of the defendant or of the court, in either of which cases the merits would have been reached. In view of that possibility I said : first, that there were no findings or exceptions appropriate to its review, and, second, that the only alleged error brought to our notice was the ruling on the demurrer, and that as the case stood the inevitable inference was that the plaintiff perilled his whole action on the demurrer. In other words, that if the complaint had been by consent or otherwise divided into its two causes of action the plea fatal to one was not necessarily so as as to the other, and the issues joined could have been tried, the plaintiff seeking to prove his bonds and the defendant to invalidate them, but that, while that possibility existed, the inevitable inference was that the judgment rested upon the decision of the demurrer. That inference is conceded to be correct, and all the statements of what we erroneously believed as to other proceedings or other possible reasons for the judgment are without the least foundation. Our suggestion of what the plaintiff might have done and I think should have done is turned into a belief that it was done, and into a ground of the decision in the face of the explicit statement that we knew nothing about it, and that the inevitable inference from the record was that the judgment stood wholly upon the demurrer. So treating it, and it is conceded that we should have done so, we held that the demurrer was properly overruled and the judgment correct. Occasionally where a party fails for reasons connected with the practice adopted we feel a sympathy which leads to an effort for his relief, but we need not indulge any where, without surprise or inadvertence, but with a view of gaining an advantage, there has been an apparent effort to rely on the bonds to cut off the statute and then on an implied contract to remedy defects in the bonds. The coupons sued on matured in 1873, and had been due for almost twenty years when this action was

brought. The allegation of the complaint is that they were found among the papers of Culver after his death, and that he had possession as owner, and that is all that is asserted as to his title. The bonds themselves have been paid with interest while the coupons in suit have been left unclaimed. We have no such impression of the justice of the demand as to make us grant some favor which is not even asked.

"The motion should be denied, with ten dollars costs and disbursements."

*Brainard Tolles* for motion.

*C. C. Van Kirk* opposed.

FINCH, J., reads for denial of motion.
All concur.
Motion denied.